# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 27, 2004

The Honorable Richard J. Miller
Bell County Attorney
Post Office Box 1127
Belton, Texas 76513

Opinion No. GA-0255

Re: Whether a person may waive the prohibition on public access to the person's criminal history information that is subject to a nondisclosure order (RQ-0209-GA)

Dear Mr. Miller:

You request an interpretation of Government Code section 411.081(d), which provides for the nondisclosure of certain criminal history information. You first ask:

> May a person affirmatively waive the prohibition on public access to his or her criminal history information that is subject to an order of nondisclosure?[1]

You also ask how the custodian of records should respond to an inquiry for criminal history information found in documents subject to a nondisclosure order issued under section 411.081(d), that is, whether section 411.081 permits a law enforcement agency to state that it has "no disclosable record" to a person not authorized to receive the information, instead of stating that it has "no record." Request Letter, *supra* note 1, at 1.

You state that Bell County recently received an inquiry from the United States Office of Personnel Management ("OPM"), 5 U.S.C. §§ 1101-1105 (2000), concerning an individual who was seeking federal employment. *See* Request Letter, *supra* note 1, at 1. The communication included an "Authorization for the Release of Information" signed by the individual authorizing access to the individual's criminal history information. *See id.* The criminal history information, however, is subject to a nondisclosure order issued under section 411.081(d) of the Government Code. *See* TEX. GOV'T CODE ANN. § 411.081(d) (Vernon Supp. 2004-05).

Government Code chapter 411 establishes the Department of Public Safety ("DPS") and defines its duties. Subchapter F, which includes section 411.081, applies to criminal history record information. *See id.* § 411.082(2) (Vernon 1998) (criminal history record information "means

---

[1] Letter from Honorable Richard J. Miller, Bell County Attorney, to Honorable Greg Abbott, Texas Attorney General (Apr. 8, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

information collected about a person by a criminal justice agency that consists of identifiable descriptions and notations of arrests, detentions, indictments, informations, and other formal criminal charges and their dispositions"). Section 411.081(d) authorizes a person placed on deferred adjudication for certain offenses to petition the court "for an order of nondisclosure," which would prohibit "criminal justice agencies from disclosing to the public criminal history record information related to the offense giving rise to the deferred adjudication." *Id.* § 411.081(d) (Vernon Supp. 2004-05). Section 411.082 defines "criminal justice agency" for purposes of Subchapter F as "a federal or state agency" engaged in administering criminal justice under a statute or executive order or "a nongovernmental railroad or campus police department that has obtained an originating agency identifier from the Federal Bureau of Investigation." *Id.* § 411.082(3) (Vernon 1998). *But see id.* § 411.081(a)(2) (Vernon Supp. 2004-05) (referring to "police blotters maintained by a criminal justice agency"). The section 411.082 definition of "criminal justice agency" does not apply to section 411.081(d), which provides for nondisclosure orders "[n]otwithstanding any other provision of this subchapter." *Id.* § 411.081(d). A "criminal justice agency" within section 411.081(d) includes a local criminal justice agency.

Information subject to a section 411.081(d) nondisclosure order is "excepted from the requirements of [Government Code] Section 552.021," which provides that "[p]ublic information is available to the public." *Id.* § 552.142(a) (Vernon Supp. 2004-05); *see also id.* § 551.021. The person who is the subject of the order "may deny the occurrence of the arrest and prosecution to which the information relates and the exception of the information under this section, unless the information is being used against the person in a subsequent criminal proceeding." *Id.* § 552.142(b). When a nondisclosure order is issued, "the clerk of the court shall send a copy of the order" to the DPS Crime Records Service, and DPS "shall send a copy of the order . . . to all law enforcement agencies, jails or other detention facilities, magistrates, courts, prosecuting attorneys, correctional facilities, central state depositories of criminal records, and other officials or agencies or other entities of this state or of any political subdivision of this state, and to all central federal depositories of criminal records that there is reason to believe have criminal history record information that is the subject of the order." *Id.* § 411.081(g).

The information may be disclosed in limited situations, however. Section 411.081(d) provides that "[a] criminal justice agency may disclose criminal history record information that is the subject of the order to an individual or agency described by Section 411.083(b)(1), (2), or (3)." *Id.* § 411.081(d). Thus, a county criminal justice agency that maintains criminal history record information subject to a section 411.081(d) nondisclosure order may disclose the information to the following individuals or agencies:

> (1) criminal justice agencies;

> (2) noncriminal justice agencies authorized by federal statute or executive order or by state statute to receive criminal history record information;

> (3) the person who is the subject of the criminal history record information.
>
>      . . . .

*Id.* § 411.083(b).

Section 411.083(b)(3) provides the individual who is the subject of the information with access to it, and he may disclose it to anyone he chooses. However, no provision authorizes the custodian to release the criminal history record information solely because the subject of the records has attempted to waive the court order. *See id.* § 411.081(d) (order prohibits criminal justice agency from disclosing the criminal history record information to the public). We find no Texas law authorizing an individual to waive the prohibition on public access to his criminal history information that is subject to a nondisclosure order.

Bell County, however, received the "Authorization for Release of Information" in conjunction with an inquiry from OPM. Section 411.083(b)(2) is relevant to releasing the information in this case. OPM is authorized to perform background investigations of prospective federal employees to ensure that applicants have not broken the law or engaged in other conduct making them ineligible for federal employment. *See Mittleman v. Office of Pers. Mgmt.*, 76 F.3d 1240, 1243 (D.C. Cir. 1996); *see also* 5 U.S.C. §§ 1104 (2000) (president may delegate personnel management functions to OPM); 1304 (investigations to be conducted by OPM); 3301 (president may prescribe regulations for admission of individuals into civil service); 5 C.F.R. pts. 731, 732, 736 (2004) (authorizing OPM to investigate applicants for federal employment). OPM is subject to Executive Order Number 10,450, which provides that "[t]he appointment of each civilian officer or employee in any department or agency of the Government shall be made subject to investigation." Exec. Order No. 10,450, § 3, 18 Fed. Reg. 2489 (Apr. 27, 1953), *reprinted as amended in* 5 U.S.C. § 7311 (2000). While the scope of the investigation depends on the relation of the employment to national security, "in no event shall the investigation include less than a national agency check (including a check of the fingerprint files of the Federal Bureau of Investigation), and written inquiries to appropriate local law enforcement agencies." *Id.*; *see also* 5 U.S.C. § 9101 (2000) (giving OPM a right to criminal history information of state and local criminal justice agencies to determine whether a person may be eligible for access to classified information, be assigned to sensitive national security duties, or continue to be assigned to sensitive national security duties).

OPM is an agency authorized by federal statute and executive order to receive criminal history record information, and it is therefore within section 411.083(b)(2). Accordingly, a Bell County criminal justice agency may release to OPM criminal history record information that is subject to a nondisclosure order issued under section 411.081(d).

You also ask how the custodian of records should respond to an inquiry for criminal history information found in documents subject to a nondisclosure order, that is, whether section 411.081 permits a law enforcement agency to state that it has "no disclosable record" to a person not authorized to receive the information, instead of stating that it has "no record." Request Letter,

*supra* note 1, at 1. The Public Information Act provides in Government Code section 552.142 that the person who is the subject of the nondisclosure order "may deny the occurrence of the arrest and prosecution to which the information relates and the exception of the information under this section, unless the information is being used against the person in a subsequent criminal proceeding." TEX. GOV'T CODE ANN. § 552.142(b) (Vernon Supp. 2004-05).

No analogous provision addresses a law enforcement agency's response when a member of the public requests access to a record subject to a section 411.081(d) nondisclosure order. However, it would be consistent with the purpose of section 411.081(d) for the law enforcement agency personnel to say that the agency has "no record" in response to the inquiry. The law enforcement agency should also consult the court order for any guidance it may give.

## S U M M A R Y

Government Code section 411.081(d) provides for an order prohibiting criminal justice agencies from publicly disclosing criminal history record information related to the offense giving rise to a deferred adjudication, subject to statutory exceptions. Although an individual whose information is subject to the nondisclosure order does not have statutory authority to waive the order, information subject to the order may be disclosed to certain entities, including a non-criminal justice agency authorized by federal statute or executive order or by state statute to receive criminal history record information, such as the United States Office of Personnel Management.

If a law enforcement agency receives a request for information subject to a section 411.081(d) nondisclosure order from a person who is not authorized to receive the information, the agency may inform the person that it has "no record."

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee